IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEPHEN BRECKENRIDGE OLIVER,

Plaintiff,

v. CASE NO. 5:18-cv-139-MW-GRJ

STATE OF FLORIDA, et al.,

Defendants.
_________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, initiated this case in March 2018 by filing a civil complaint against the State of Alabama, the State of Florida, and The United States of America. ECF No. 1. Upon an initial screening of Plaintiff's complaint, the Court found that Plaintiff was attempting to bring three separate cases in a single complaint and that Plaintiff's claims as alleged against the State of Florida, State of Alabama, and the United States would be barred by the Eleventh Amendment and sovereign immunity. ECF No. 15. Rather than dismissing the case the Court provided Plaintiff with one opportunity to file an amended complaint. *Id.*

Now before the Court is ECF No. 16, Plaintiff's amended complaint against the Florida Department of State, Division of Corporations, the

Florida Department of Health, and the Florida Surgeon General and Secretary of the Florida Department of Health. Plaintiff says that his company, the Panama City Beach Marijuana Company LLC, is a legal established registered licensed marijuana company. However, Plaintiff says that he was not allowed to conduct business because of a "hostile executive takeover altering the legal definition of marijuana." Based on this and other conduct, Plaintiff says that the Florida Division of Corporations is selling fraudulent business licenses. As relief, Plaintiff requests a total of $290,000,000 in damages.

Plaintiff's amended complaint contains a multitude of deficiencies. For example, Plaintiff failed to follow the directions on the complaint form, which require him to set forth his factual allegations in separately numbered paragraphs and to state the names of persons involved, dates, and places. Further, in the statement of claims section of the form, Plaintiff listed his requested relief of $1 million per business day, rather than alleging any actual claims. And the list of deficiencies goes on.

But the fatal deficiency in Plaintiff's amended complaint is that Plaintiff has failed to state a claim against any of the Defendants upon which relief may be granted. For starters, Plaintiff's only reference to any

federal statutes or provisions of the U.S. Constitution at issue in the case is the following: "I'm not an attorney. I don't know the specific statutes and laws. The basic constitutional right to racial equality in business practices. The right to marijuana as defined by law. The right to home remedy medical practice. The right to private medical practice. The right to utilize a business license sold by the state." ECF No. 16 at 3.

Of course, even liberally construing these rights, none of them are federal statutory or constitutional rights except for the right to not be discriminated against based on race. But Plaintiff offered no factual allegations in his complaint that relate to race or any mistreatment based on race. Consequently, Plaintiff has failed to adequately state any claim upon which relief may be granted that appropriately belongs in this Court or any federal court.

Moreover, Plaintiff has failed to allege that he can bring a claim (assuming he even has a claim) in federal court against the named Defendants. Specifically regarding his claims against the Florida Department of State, Division of Corporations, and the Florida Department of Health, Plaintiff's claims for damages against these departments are

barred by the Eleventh Amendment.[1]

Under the Eleventh Amendment, states and state agencies generally cannot be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). Federal jurisdiction over suits against states and their agencies is possible, however, where the state consents or where Congress abrogates the state's Eleventh Amendment immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

The Eleventh Amendment applies to arms of the state and state agencies. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). The Florida Department of State and the Florida Department of Health are state agencies for purposes of the Eleventh Amendment. *See, e.g.*, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) (finding that the Florida Department of Health "is not subject to suit in

---

[1] The only other named Defendant is the Florida Surgeon General and Secretary of the Florida Department of Health, but Plaintiff has failed to allege any facts regarding the violation of his rights by the Florida Surgeon General and Secretary (or the Florida Department of Health for which she works) in his complaint, so she is not an appropriate defendant in this case.

federal court in this action for damages" based on the Eleventh Amendment); *see also Arrington v. State of Fla.*, No. GCA 82-0015, 1984 WL 3181, at *1 (N.D. Fla. Nov. 5, 1984) ("A suit generally may not be maintained against a state itself, or against an agency or a *department of a state*, unless the state has waived its sovereign immunity." (emphasis added)). Because the Florida Department of State and Florida Department of Health are state agencies for the purposes of Eleventh Amendment immunity, Plaintiff's claims against them for money damages are barred in federal court by the Eleventh Amendment unless Congress abrogated that immunity or the state waived the immunity, consenting to suit in federal court. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Although it is unclear from the factual allegations in Plaintiff's complaint what specific claims he is attempting to raise against these Defendants—or whether he even has any such claim—there is nothing in Plaintiff's complaint that reveals that either exception to Eleventh Amendment immunity applies to Plaintiff's amended complaint. *See* Fla. Stat. § 768.28(18) ("No provision of this section, or any other action of the Florida Statutes . . . shall be construed to waive the immunity of the state

or any of its agencies from suit *in federal court*, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court." (emphasis added)); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (finding that Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims); *see also Etemad v. State of Cal., Dep't of Toxic Substance Control (DTSC)*, 43 F.3d 1479 (9th Cir. 1994) (unpublished) (noting that because California had not waived Eleventh Amendment immunity, the district court lacked jurisdiction to hear the plaintiff's claims for a retroactive award of damages under 42 U.S.C. §§ 1981, 1983, 1985, 1986).

Because Plaintiff has failed to allege facts sufficient to state a claim against any Defendant upon which relief may be granted and because Plaintiff may not bring his claims for damages against the Florida Department of State, Division of Corporations, or the Florida Department of Health based on Eleventh Amendment immunity, the Court concludes that Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's amended complaint, ECF No. 16, should be **DISMISSED**, and the case should be **CLOSED.**

**IN CHAMBERS** this 29th day of June 2018.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**